IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**RANDALL RAY NICKS**                                                          PLAINTIFF

v.                                    No. 2:10-cv-175-DPM

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                                       DEFENDANT

ORDER

Randall Ray Nicks had a stroke in 2005 that has had some lingering effects. The ALJ found he has these severe impairments: hypertension, back pain, depression secondary to his medical condition, and mild dementia. Nicks alleges headaches, leg problems, and other ailments as well. Does substantial evidence support the ALJ's conclusion that there are some jobs out there for Nicks?

Nicks argues three points on appeal. He contends first that the ALJ wrongly disregarded some of his subjective complaints. Second, Nicks argues that he cannot perform the standing and walking requirements of sedentary work, contrary to the ALJ's conclusion that he could. Finally, he argues that the ALJ did not give proper consideration to the problems resulting from

Nicks's stroke or his residual non-exertional limitations.

**1. Subjective Complaints.** The ALJ should have, Nicks contends, included his subjective complaints in the job-availability question to the vocational expert. Or, failing that, Nicks says the ALJ should have made specific findings about the evidence that led him to disbelieve Nicks's testimony. But the ALJ did make specific findings about Nicks's subjective complaints—he found them not credible where they conflicted with the Judge's residual functional capacity assessment. The ALJ went on to discuss some pieces of medical evidence that showed Nicks to be better off physically than he claimed: Nicks had normal gait and coordination; he had no muscle weakness or atrophy. The Commissioner points to yet more medical evidence. Nicks had full grip strength in both hands. He could walk without assistance. And Nicks performed well at his mental consultative evaluation. So substantial evidence supports the ALJ's decision to omit some symptoms from the question he posed, as well as from his ultimate conclusion that Nicks could work as an assembly worker despite his lingering stroke symptoms and other health problems.

**2. Walking and Standing.** Nicks argues that his trouble standing and walking rules out sedentary work. Nicks says he hurts "all the time" he is standing, walking, or sitting. *Tr. at 165*. And he says that sometimes he has sharp pains that make him fall to his knees.

As the Commissioner notes, *Document No. 10, at 4*, Nicks's argument misstates the usual standing/walking requirements for sedentary work. Sedentary work, as the label suggests, involves mostly sitting. And the vocational expert testified that some locally available assembly jobs could be performed sitting or standing. On those jobs, Nicks could sit, stand, or alternate as he chose. The record would not support a conclusion that Nicks can do no work in any posture.

**3. No Proper Consideration?** For his third point on appeal, Nicks repeats some contentions about the ALJ's credibility assessment, then talks about the Medical-Vocational Guidelines. *Document No. 9, at 17–19*. The Court has addressed credibility already. And the Court agrees with the Commissioner that the Guidelines point is not relevant. The vocational expert's testimony established that jobs were available for someone like Nicks. That proof carried the Commissioner's burden. The ALJ didn't have

to include all Nicks's alleged limitations in the hypothetical, only the ones he found credible. *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991).

\* \* \*

Nicks makes several other arguments in passing. As best the Court can tell, none of them has merit. Congress has limited this Court's appellate role. Substantial evidence supports the ALJ's conclusions in this case; and the Court sees no legal error. The Court therefore affirms the denial of benefits.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 March 2012